# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LEE LIFENG HSU and ) 
JANE YUCHEN HSU, ) 
                ) 
      Plaintiffs, ) 
         v. ) 
                )   C.A. No. N24C-09-020 CLS 
STATE FARM FIRE AND ) 
CASUALTY COMPANY, ) 
                ) 
      Defendant. ) 
                ) 
                ) 

Date Submitted: March 11, 2026 
Date Decided: March 16, 2026

*Upon Consideration of the Plaintiffs' Motion for Reconsideration and Motion to Adjust Trial Scheduling Order*, **DENIED.**

## ORDER

Lee Lifeng Hsu & Jane Yuchen Hsu, *Pro Se Plaintiffs*.

Donald M. Ransom, Esquire, for CASARINO CHRISTMAN SHALK RANSOM & DOSS, P.A., *Attorney for Defendant*.

**SCOTT, J.**

Having considered Plaintiffs' Motion for Reconsideration and Motion to Adjust the Trial Scheduling Order,[1] and Defendant's Response,[2] it appears to the Court that:

1.  This matter stems from a complaint filed by pro se plaintiffs, Lee Lifeng Hsu and Jane Yuchen Hsu ("Plaintiffs"), alleging that State Farm Fire and Casualty Company's ("State Farm") breached its homeowners' insurance contract (the "Policy") with Plaintiffs, for failing to provide the coverage claimed after property damages resulted from a "water intrusion event."[3]

2.  The Court issued a Memorandum Opinion on the parties' cross-motions for summary judgment on February 27, 2026, granting summary judgment in favor of State Farm on all claims except Plaintiffs' breach of contract claim and associated damages.[4]

3.  On March 9, 2026, Plaintiffs filed a Motion for Reconsideration and Motion to Adjust the Trial Scheduling Order under Superior Court Civil Rule 59(e).[5]  State Farm filed a Response in opposition on March 11, 2026.[6]

---

[1] Pls.' Mot. for Reconsideration and Mot. to Adjust Trial Scheduling Order, D.I. 55 ("MFR").
[2] Def.'s Resp. to Pls.' Mot. for Reargument and Request to Adjust the Trial Schedule, D.I. 56 ("Def.'s Resp.").
[3] *See generally* Compl., D.I. 1.
[4] *Hsu v. State Farm Fire and Casualty Co.*, 2026 WL 560296, at *1 (Del. Super. Feb. 27, 2026).
[5] *See generally* MFR.
[6] *See generally* Def.'s Resp.

4. On a motion for reargument under Rule 59(e), the Court will determine from the motion and answer whether reargument will be granted and the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[7] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[8] A motion for reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[9] A party seeking to have the Court reconsider the earlier ruling must, "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[10] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[11]

5. As a preliminary matter, Plaintiffs' Motion is untimely. Rule 59(e) states that a "motion for reargument shall be served and filed within 5 days after the filing of

---

[7] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000), *aff'd*, 763 A.2d 90 (Del. 2000).

[8] *BRP Hold Ox, LLC v. Chilian*, 2018 WL 6432978, at *1 (Del. Super. Dec. 6, 2018) (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).

[9] *Kennedy*, 2006 WL 488590, at * 1.

[10] *Brenner*, 2000 WL 972649, at *1.

[11] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017)

the Court's opinion or decision." When time limits are under eleven days, weekends and holidays are excluded from the computation of time to file a motion.[12]

6. The Court filed its decision on the parties' cross-motions for summary judgment on February 27, 2026. Accordingly, Plaintiffs' Motion for Reconsideration was due on or before March 6, 2026. Because the Motion for Reconsideration was not filed until March 9, 2026, it is untimely. Nevertheless, the Court will consider the Motion on its merits.

7. Plaintiffs first argue that the Court misapprehended the facts in denying summary judgment on the breach of contract claim because "materials reflect State Farm's acknowledgement of the Category 3 classification, [so] the remaining factual issue concerns whether the remediation and subsequent repairs were performed in accordance with Category 3 standards."[13] State Farm, on the other hand, proffers that the Court did not overlook or misapprehend the facts because the Complaint itself and Mr. Hsu's deposition make clear that only the contractor, not State Farm, assumed the nature of the loss was Category 3.[14]

8. The Court agrees with State Farm. Primarily, nothing in the record suggests State Farm acknowledged the Category 3 classification. Moreover, even if State Farm made such an acknowledgement, Plaintiffs admit that there is a factual issue

---

[12] Super. Ct. Civ. R. 6(a).
[13] MFR ¶ 5.
[14] Def's Resp. ¶ 2.

as to State Farm's performance under the Policy—the exact reason this Court must deny summary judgment on a claim under Rule 56.[15]

9. Next, Plaintiffs aver that the Court should reconsider its decision to grant summary judgment in favor of State Farm on the bad faith breach of contract claim because the "ruling . . . appears to rest on the conclusion that no underlying breach of the insurance policy was established[,]" even though "the record contains evidence suggesting a factual dispute regarding the adequacy of the remediation performed by State Farm and the handling of the Plaintiffs' claim."[16] State Farm counters that "Plaintiffs' argument misapprehends long-standing Delaware" precedent, which requires the plaintiff to show the insurer acted without reasonable justification.[17]

10. The Court finds Plaintiffs' argument unpersuasive. Plaintiffs misinterpret the Court's ruling on the bad faith breach of contract claim. As stated in the Memorandum Opinion, it does not matter whether State Farm breached the Policy given that there was no genuine dispute of material fact that State Farm acted with reasonable justification. Contrary to Plaintiffs' assertion otherwise, the standard for determining whether a party breached a contract in bad faith is not the adequacy of the remediation performed by State Farm nor the handling of Plaintiffs' claim.

---

[15] *See* Super. Ct. Civ. R. 56.
[16] MFR ¶ 6.
[17] Def.'s Resp. ¶ 3.

Rather, it is whether State Farm disputed the claim in good faith at the time it denied liability.[18]   Therefore, the Court did not overlook controlling law or misapprehend the facts.

11.  Plaintiffs do not identify any controlling precedent or legal principle that this Court overlooked, nor do they demonstrate that the Court misapprehended the law or facts in a way that would affect the outcome of its decision.

12.  In sum, the Court will not grant reargument as Plaintiffs' Motion is untimely and lacks merit under Rule 59(e).

13.  In their Motion, Plaintiffs also "request a modest adjustment of the current pretrial and trial schedule so that the parties may review the Opinion and prepare accordingly."[19]   State Farm asks the Court to deny Plaintiffs' request because the "Court's decision has only simplified the issues for trial[.]"[20]

14.  Given that the trial is over a month away and the Memorandum Opinion significantly narrows the issues, the Court will not adjust the trial scheduling order at this time, but notes that there are other trials scheduled for that week.

---

[18] *See Hsu*, 2026 WL 560296, at \*4;  *Geico Gen. Ins. Co. v. Green*, 308 A.3d 132, 144 (Del. 2022).
[19] MFR ¶ 9.
[20] Def.'s Resp. ¶ 4.

15. In conclusion, for the foregoing reasons, Plaintiffs' Motion for Reconsideration and Motion to Adjust the Trial Scheduling Order are **DENIED**.

**IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.